UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROWENA CAMESA WANG, | Case No. 2:22-CV-2075 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| LM GENERAL INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant LM General Insurance Company's ("LM") motion to dismiss plaintiff Rowena Camesa Wang ("Wang")'s first amended complaint. (ECF No. 4). Wang filed a response (ECF No. 5), to which LM replied. (ECF No. 8).

**I.  Background**

This action arises out of an automobile collision that occurred on April 1, 2016. (ECF No. 1-1). Non-party Serzk Arakelyan ("Arakelyan") rear ended Wang, causing several injuries. (*Id.*). Arakelyan's insurance coverage had a liability limit of $15,000.00 per person and $30,000.00 per occurrence, which the cost of Wang's injuries exceeded. (*Id.*). At the time of the collision, Wang was insured with LM, and her policy contained a provision for uninsured/underinsured motorist coverage ("UIM") in the amount of $1,000,000 per occurrence. (*Id.*).

Following the accident, Wang filed a claim under her policy, and LM undertook a lengthy investigation. (*Id.*). While LM has not yet denied the claim, Wang alleges that LM has breached its duty to reasonably and promptly process her claim for UIM coverage. (*Id.*).

Wang filed her complaint in Nevada state court on March 23, 2022, and an amended complaint on November 11, 2022. (*Id.*). She asserts five causes of action: (1) breach of contract; (2) contractual breach of implied covenant and good faith and fair dealing; (3) tortious breach of

**James C. Mahan**
**U.S. District Judge**

implied covenant of good faith and fair dealing; (4) unfair practices in settling claims – NRS 686A.310; (5) declaratory relief. (*Id.*).

LM removed this case to this court on December 15, 2022. (ECF No. 5). It subsequently brought the instant motion to dismiss Wang's complaint for failure to state a claim. (ECF No. 4).

Wang initially made a countermotion for default judgment on December 30, 2022. (ECF No. 5). However, she later withdrew that motion on January 18, 2023. (ECF No. 10).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court should grant leave to amend "even if no request to amend the pleading was made."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III. Discussion

#### A. Breach of contract

LM asserts there is no breach of contract under the policy because Wang's claim has not been denied.  (ECF No. 4).  Further, LM states that Wang's breach of contract should be dismissed because Wang fails to identify the provisions of an insurance policy that were allegedly breached.  In response, Wang simply argues that LM breached its contractual duty by not adhering to the contract terms and failing to compensate Wang for her damages.  (ECF No.

James C. Mahan
U.S. District Judge

- 3 -

5). Wang claims that even though LM has not denied the claim, it still has handled her claim in a manner inconsistent with the terms and intent of her policy.

An insurance policy "is enforced according to its terms to effectuate the parties' intent," viewing its provisions "in their plain, ordinary[,] and popular sense." *Levy Ad Grp., Inc. v. Chubb Corp.*, 519 F. Supp. 3d 832, 836 (D. Nev. 2021), *aff'd sub nom. Levy Ad Grp., Inc. v. Fed. Ins. Co.*, No. 21-15413, 2022 WL 816927, at *1 (9th Cir. Mar. 17, 2022) (citing *Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 303 (1993)). In Nevada, "[t]he starting point for the interpretation of any contract, including insurance policies, is with its plain language." *WP6 Rest. Mgmt. Grp. LLC v. Zurich Am. Ins. Co.*, No. 2:20-cv-1506-KJD-NJK, 2022 WL 980248, at *7 (D. Nev. Mar. 31, 2022).

"A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). "Nevada law requires the [alleging party] in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the [opposing party], and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones,* 1 Nev. 405, 405 (Nev. 1865)).

The court does not assess the veracity of claims while adjudicating a motion to dismiss. Instead, it considers whether Wang has stated "a claim to relief that is *plausible* on its face." *Iqbal* at 678 (citation omitted) (emphasis added). In that light, Wang has adequately pled this claim.

Wang has shown the existence of a valid contract for an insurance policy with LM (the "Liberty policy"). (ECF No. 1-1). The Liberty policy contained a provision for uninsured/underinsured motorist coverage in the amount of $1,000,000 per occurrence. (*Id.*). Wang incurred medical expenses in excess of $15,000.00 which meant that Arakelyan's insurance coverage was inadequate to compensate Wang for her losses. (*Id.*). Further, Wang alleges that despite the amount of expenses, and receipt of medical records to prove the amount, LM has failed to authorize an appropriate settlement that would fully compensate her for her losses. (*Id.*). Wang's claim provides sufficient factual information to plausibly allege breach of contract. The court denies LM's motion to dismiss Wang's first cause of action.

**James C. Mahan**
**U.S. District Judge**

B. Declaratory relief

Declaratory relief is a remedy that the court may grant after Wang has established and proven her case. It is not an independent, substantive cause of action. *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see also* Nev. Rev. Stat. § 30.030; *Builders Ass'n of N. Nevada v. City of Reno*, 776 P.2d 1234, 1234 (Nev. 1989). Therefore, the court will dismiss Wang's second cause of action. This dismissal does not preclude the court from awarding declaratory relief if Wang prevails on her underlying breach of contract claim.

C. Contractual breach of the implied covenant of good faith and fair dealing

"An implied covenant of good faith and fair dealing exists in every Nevada contract and essentially forbids arbitrary, unfair acts by one party that disadvantage the other." *Frantz v. Johnson*, 999 P.2d 351, 358 n.4 (Nev. 2000).

> With respect to the covenant of good faith and fair dealing, [the Nevada Supreme Court] ha[s] stated that "when one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith."

*Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (quoting *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991)) (alteration omitted).

To state a claim for breach of the implied covenant of good faith and fair dealing, a party must allege: (1) plaintiff and defendant were parties to a contract; (2) parties owed a duty of good faith to each other; (3) the opposing party breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the alleging party's justified expectations were denied as a result. *See Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919 (Nev. 1991).

A contractual breach of the implied covenants of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods.*, Inc., 808 P.2d 919, 922–23 (Nev. 1991); *see Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 2d 1222, 1252 (D. Nev. 2016).

James C. Mahan
U.S. District Judge

- 5 -

1    There is no dispute that Wang and LM were parties to a contract. (ECF No. 1). There is
2 also no dispute that the contract imposed a duty of good faith, as all contracts in Nevada do. *See*
3 *Frantz* 999 P.2d at 358 n.4 (Nev. 2000). Wang alleges that she has not been fully compensated
4 under the uninsured/underinsured coverage provisions. (ECF No. 1-1). Wang had a justified
5 expectation to be compensated under the Liberty policy's uninsured/underinsured coverage
6 provisions. By sufficiently alleging these four elements under *Hilton Hotels*, supported by facts
7 that go beyond a recitation of the elements, Wang has pleaded a claim that survives the instant
8 motion to dismiss.

9    It is true that Wang cannot recover on both this claim and a breach of contract claim. *See*
10 *Shaw v. CitiMortgage, Inc.* 201 F. Supp. 3d 1222, 1251 (D. Nev. 2016). However, the "one
11 recovery rule" does not require the court to dismiss the claim at this juncture. Parties may assert
12 both a breach of contract and a breach of the implied covenant of good faith and fair dealing,
13 regardless of whether they can recover on both. *See AC Media Grp., LLC v. Sprocket Media, Inc.*,
14 No. 2:16-cv-02145, 2017 WL 1458198 at *4 (D. Nev. Apr. 24, 2017) (citing Fed. R. Civ. P.
15 8(d)(2)–(3)).

16   At this stage of proceedings, the court is not concerned with the outcome of any one of
17 Wang's claims, but whether she has pleaded sufficient factual information to sustain them. *See*
18 *Twombly,* 550 U.S. at 556. While Wang ultimately may be unable to recover with this claim if she
19 succeeds on another, that question is irrelevant to a motion to dismiss. *See Countrywide Home*
20 *Loans, Inc. v. Thitchener*, 192 P.3d 243, 248 (Nev. 2008) ("While plaintiffs are permitted to plead
21 alternative or different theories of relief based on the same facts, plaintiffs may not recover more
22 than their total loss plus any punitive damages assessed.") (internal quotations omitted). Indeed,
23 a party may plead alternative or even inconsistent claims. Fed. R. Civ. P. 8(d)(2)–(3). The court
24 denies LM's motion to dismiss Wang's third cause of action.

D.  <u>Tortious breach of the implied covenant of good faith and fair dealing and Nevada
    unfair settlement practices</u>

27   Under Nevada law, breach of the implied covenant of good faith and fair dealing case gives
28 rise to a tort when a special relationship exists between the parties to the contract, such as the

**James C. Mahan**
**U.S. District Judge**

- 6 -

relationship between an insurer and an insured. *Ins. Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006).

"To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *WP6*, 2022 WL 980248, at *7 (citing *Powers v. United Services Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998)). "And, while an allegation of a failure to investigate is relevant to a bad faith failure to pay an insurance claim, 'the failure to investigate is not itself bad faith.'" *Id.* (quoting *Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F. Supp. 900, 905 (D. Nev. 1994)).

Finally, bad faith requires the "unreasonable denial or delay in payment of a valid claim." *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). "Bad faith involves an actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986) (citation omitted). Thus, a plaintiff must show that (1) the insurer denied or refused to pay the insured's claim, (2) that it objectively acted "unreasonably" in doing so, and (3) it acted "with knowledge that there is no reasonable basis for its conduct." *Potter*, 912 P.2d at 272.

Wang contends in a conclusory manner that LM's conduct was oppressive, fraudulent, and/or malicious in the handling of her claim. (ECF No. 1-1). However, claims involving fraud are subject to a heightened pleading standard under Federal Rule of Civil Procedures 9(b). *See* Fed. R. Civ. Pro. 9(b). Wang fails to allege with particularity the circumstances constituting fraud. For fraud to be pled with particularly, a plaintiff must identify: (1) what the specific fraudulent acts of misrepresentations were; (b) who specifically committed the acts or made the misrepresentations and to whom they were made; and (3) identity when and where the fraud or misrepresentations were made. *See Elder v. Allstate Ins. Co*., 60 F.3d 833 (9th Cir. 1995).

Further, claims for violation of NRS 686A.310 are dismissed when they fail to provide any details as to how an insurance company allegedly violated a specific provision. *See Kuloloia v. Ohio Security Insurance Company*, Case No. 2:18-CV-405 JCM PAL, 2019 WL 12517084 (D. Nev. Feb. 11, 2019). Indeed, "while Nevada may be a notice pleading jurisdiction, this case is in

**James C. Mahan**
**U.S. District Judge**

- 7 -

federal court where the days of notice pleading are long gone." *Yoon v. Travelers Indemnity Company*, Case No. 2:20-CV-1507 JCM_EJY, 2021 WL 1968279 (D. Nev. May 17, 2021).

Wang's first amended complaint contains no citations to any specific sections of the Nevada statute. (ECF No. 1-1). Her conclusory allegation that LM "violated several provisions of Nev. Rev. Stat. § 686A.310" is insufficient. (*Id.*).

Thus, the court dismisses Wang's claims for: (1) tortious breach of the implied covenant of good faith and fair dealing, and (2) Nevada unfair settlement practices.

E. Leave to Amend

Although "[t]he court should freely give leave when justice so requires," the court is not obligated to do so. Fed. R. Civ. P. 15(a)(2). The court need not give leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, "leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)). The standard to be applied when determining the legal sufficiency of a proposed amendment is identical to that on a motion to dismiss for failure to state a claim. *Id.*

Because there are potential amendments that could rescue Wang's legal claims—apart from the second cause of action for declaratory relief—the court grants leave to amend under Rule 15's liberal standard. Wang shall have thirty days to file any amended complaint.

**IV. Conclusion**

In conclusion, the court denies the motion as to claims one and two, grants it as to claims three and four, without prejudice, and grants it as to claim five, with prejudice. Although the court dismisses claim five as a standalone claim with prejudice, that does not preclude the court from awarding declaratory relief if Wang prevails on her underlying breach of contract claim.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

1     Accordingly,

2     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that LM's motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED in part, and DENIED in part.

4     DATED April 12, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**